Richard S. Heller, J.
This claim seeks damages alleging that the State was negligent in the administration of electric shock therapy to Ethel Foxluger while she was an inmate of the Binghamton State Hospital.
The sole question is whether or riot the State was negligent in failing to use a relaxant drug before administering the second and subsequent electric shock treatments after the employees of the State knew that Ethel Foxluger had been injured during the first treatment.
Ethel Foxluger, 65 years of age, was admitted to the State hospital on June 4, 1956 and the mental diagnosis was established as involutional psychosis melancholia. Upon the recommendation of the clinical director of the hospital, electric shock therapy vras started on June 29, 1956 and continued on July 9, 18, 20, 23, 25 and 28, 1956. The result obtained so far as the mental illness was concerned was satisfactory but the therapy caused a fracture of the right humeral neck after the first administration and an impacted fracture in the neck of the left humerus on the final treatment.
The fracture of the right humerus was not discovered until August 15,1956, although the injury was sustained on June 29, 1956, and the X ray revealed no fracture. An examination of the right shoulder was made by qualified doctors who diagnosed the injury as a partial tear of the right supraspinatus muscle. Following these examinations treatments were continued and terminated on July 28, 1956. The State is not responsible for an honest error of professional judgment made by qualified and competent doctors employed by them. (St. George v. State of New York, 283 App. Div. 245, a ffd. 308 N. Y. 681.)
Regardless of the original diagnosis or the ultimate finding, this case must be decided on whether or not the State used a proper method of treatment. It should be remembered that successive treatments at regular intervals are necessary if this therapy is to succeed.
In 1956 some doctors were' using relaxant drugs as routine procedure when administering electric shock treatments. Many other doctors were not using the relaxant drug, fearing the dangers of the unknown reaction more than the probability of injuries which Would include fractures.
In Gielskie v. State of New York (10 A D 2d 471, 474) the court said:
“ There is no authority that a doctor, whether employed by the State or in private practice, must use what some doctors consider the best method if a method which is accepted by respectable medical authority is adopted.
*935 M We do. not toss, aside as lightly as respondents brief the State’s argument that there are two schools of medical, thought upon the method, of administration, of T.A.T, The record demonstrates that medical opinion and medical textbooks differ on the subject. By honestly accepting one field of respectable medical opinion, though other,, and perhaps more numerous, medical opinions may differ, does, not. constitute negligence simply because in a particular case the result was disastrous-To hold the State liable under the circumstances presented here would mean that either the State must render no public service at all or be an insurer against any bad. results, that might follow.”
It is the opinion of the court that claimant has faffed to show any negligence on the part of the State- of New York or its employees. The findings and. conclusions submitted by the claimant and the State are extensive and complete. They have been marked and signed by the court and are to. be considered part of this decision,
The claim is dismissed.